[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter first came to this court by Complaint dated March 12, 1990 and returnable April 3, 1990 as of record more fully appears.
The Plaintiff brought this action pro se.
The Plaintiff invoked the courts jurisdiction under Conn. General Statutes Sec. 4-197.
Certain letters and a portion of a transcript were attached to the complaint.
The office of the Attorney General appeared for CT Page 4803 the Defendant Commissioner on March 20, 1990.
The Plaintiff filed a Revised Complaint, dated October 25, 1990.
The Plaintiff filed a Revised Complaint #2 on December 8, 1990.
The Plaintiff filed a document entitled Substitute Pleading on February 12, 1991.
The Plaintiff filed an Amended Complaint on October 10, 1991.
The Defendant filed an Answer on March 31, 1992 and the pleadings were closed.
The matter was heard on May 13 and 14 by the Court.
The Plaintiff proceeded pro se and the Defendant was represented by counsel.
In her Amended Complaint of October 10, 1991 the Plaintiff claimed that she had endeavoured for 17 months to "correct a complaint in her family day care file". See Amended Complaint paragraph 1.
The Plaintiff also alleged a violation of Conn. General Statutes Sec. 4-193 (a), 4-193 and 4-196a.
The Plaintiff then recited certain factual allegations in the Amended Complaint. See paragraphs 4 through 20.
In paragraph 21 Plaintiff claims Defendants conduct was "over zealous and unlawful".
In paragraph 22 Plaintiff claims her "reputation was soiled and this lead to an unlawful suspension of her registration renewal of 1988".
On the basis of the sworn testimony presented to the court and the exhibits entered the court makes the following findings.
Prior to March of 1988 the Plaintiff was a licensed Day Care Provider and approved by the Dept. of Human Resources.
During March 1988 the Plaintiff determined that CT Page 4804 one or more of the children in her day care facility had a condition of head lice.
The Plaintiff being concerned and believing that a sibling of one of the children was in the Clinton Public School system contacted David S. LaFemina, Sanitarian of the Town of Clinton and reported the event and asked LaFemina to contact the Family Day Care Licensing Program Dept. of Human Resources.
LaFemina made such a contact by phone on March 23, 1988. See Plaintiff's exhibit C.
The LaFemina call was taken down on a form entitled "Complaint Work Sheet" for lack of a more appropriate form.
The information set forth on the form was not treated as a complaint and that section of the form entitled "nature of complaint" was left blank.
In due course Plaintiff learned of the "complaint" in her file. On October 12, 1988 LaFemina wrote a letter to the Defendant indicating that his call was not a complaint and in fact was a commendation of the Plaintiff's conduct.
See Plaintiff's exhibit B.
This letter was put into the Plaintiff's file.
On November 3, 1988, Plaintiff had filed a Registration Renewal Application with the Department incident to continuation of her license.
Exception was taken by the Department as to question #8 of the application. See Defendant's exhibit 2.
Thereafter Plaintiff requested and received a fair hearing which was conducted for over an hour before Hearing Officer Robert Lilling which hearing ended in the execution of a Stipulation between Plaintiff and a representative of the Defendant, see Defendant's exhibit 1. See also Defendant's exhibit 5. See also Defendant's exhibit 4, See also Defendant's exhibit 3.
In due course the processing of the Plaintiff's renewal of her license progressed and the Plaintiff remains a licensed Day Care Provider to this date. CT Page 4805
The principal thrust of the Plaintiff's complaint appears to be that the Defendant treated LaFemina's telephone call as a complaint when, in fact, it was not and her objection to apparently what Plaintiff considered as intrusive questions on the license renewal application form.
In due course incident to Plaintiff's concern that a document labeled "Complaint" should blemish her record, request was made for its removal from the file.
On May 8, 1990 Betty Hudson, Director, Field Operations Dept. of Human Resources wrote to Plaintiff and indicated in part, "Therefore, effective immediately, I have ordered that all copies of the Complaint report, Mr. LaFemina's letter and my letter of April 26, 1990 be removed from D H R files and destroyed. This letter also will not become part of your file". See Plaintiff's exhibit A.
The witness Mary St. Pierre Day Care Supervisor offered credible testimony that the LaFemina telephone call was never treated as a complaint and no investigation was undertaken incident thereto, nor was any home visit or inspection made of Plaintiff's premises.
St. Pierre offered credible testimony that the problem attendant to license renewal had to do solely with the manner of completion of the renewal form and nothing to do with the alleged complaint.
St. Pierre offered credible testimony to the effect that no third party ever received any information as to the alleged complaint, that the file was not open to anyone except authorized personnel.
The witness Irene Hathaway gave credible testimony that the information received from LaFemina was never marked or treated as a "Complaint".
The witness Carole Grayson, Social Work Supervisor, gave credible testimony that Plaintiff was provided with copies of all relevant materials as to procedures and regulations of the Department so as to assist Plaintiff in properly processing her renewal.
The witness Richard Charnick, Field Operations liaison officer gave credible testimony that Plaintiff's license for family day care was never suspended for any reason and that an examination of her file revealed no such notice. CT Page 4806
The Plaintiff claims inter alia that the agents of the Defendant were unfamiliar with the Personal Data provision of 4-193 et seq. and that Plaintiff was prejudiced thereby.
The Plaintiff offered the testimony of ten witnesses and testified herself at length.
In Plaintiff's Amended Complaint dated October 10, 1991 Plaintiff complains that she "has attempted for seventeen months to correct a "complaint" in her family day care file."
In fact the requisite corrective action had already been effected by virtue of the Hudson letter of May 8, 1990 see exhibit A. Plaintiff's file was in good order and standing with the Department.
It is unfortunate that the paper recording LaFemina's telephone call was entitled "Complaint Work Sheet" but it was in fact never treated nor regarded as a complaint by the Defendant.
Plaintiff complains that employees of the Defendant were not familiar with the Personnel Data Act, Conn. General Statutes Sec. 4-193 et seq. but the testimony clearly shows that Plaintiff never suffered any harm or injury as a result thereof.
No third parties had access to the subject file and no disclosures were ever made to any unauthorized person to the Plaintiff's detriment.
The Plaintiff embarked on a separate Freedom of Information process which resulted in changes in the renewal format by the Defendant.
The Defendant was not over zealous nor did it unlawfully collect complaints concerning the Plaintiff nor did the Defendant terrorize the Plaintiff's work experience.
The Plaintiff offered no credible evidence that her reputation was soiled nor that her day care license was ever suspended.
The Plaintiff, in her prayer for relief, requests that the court direct the Defendant to remove the erroneous complaint.
The document in question, Plaintiff's exhibit CT Page 4807 C, was never treated as a complaint. If because of the label on the form it should or could be treated as such, the relief prayed for has already been accomplished and the document destroyed and expunged from Plaintiff's file. See exhibit C.
The Defendant embarked on no course to damage or disregard Plaintiff's reputation.
There was no disclosure nor affirmative action taken against the Plaintiff.
The Plaintiff has been and is now in good standing with the Defendant.
The Plaintiff has not sustained her requisite burden of proof as to the allegations in her Amended Complaint.
No evidence as to damage has been offered to this court.
Judgment may enter for the Defendant Commissioner of Human Resources.
AUSTIN, J.